UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERCA, *ex rel*. JAY CONNOR, individually,

    Plaintiffs,

v.

ALL BEST MEDICAL SUPPLY, LLC; US DIAGNOSTICS NY, INC.; and DOES 1-100,

    Defendants.

_____/

Case No: 8:22-cv-1414-CEH-CPT

## **ORDER**

This cause comes before the Court on the Notice of Declination and Notice of Dismissal Without Prejudice (Doc. 8), filed jointly by Relator Jay Connor and the United States of America. In the Notice, the parties explain that the Government declines to intervene in this *qui tam* action, and the Relator voluntarily dismisses the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In accordance with the Notice, this action will be dismissed without prejudice.

In addition, the Government requests that, "except for the complaint, this notice, and the order unsealing this case, all other papers remain under seal," because the papers "disclose the content and extent of the United States' investigation for the sole purpose of the Court's evaluating whether to extend the seal and the time for

deciding whether to intervene." Doc. 8 at 1-2.  The Government's request is due to be denied.

## DISCUSSION

There is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985), citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  Nonetheless, the right of public access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007), quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001).  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, *2 (M.D. Fla. Jan. 23, 2017).

The False Claims Act ("FCA") requires that *qui tam* actions be filed under seal. 31 U.S.C. § 3703(b)(2).  Pleadings and other filings will be kept under seal during the time in which the United States makes its decision of whether to intervene; the complaint will be unsealed if the Government declines to intervene. *Id.* § 3703(b)(3); *United States v. Sunovion Pharmaceuticals, Inc.*, No. 8:14-cv-1319-VMC-MAP, 2016 WL 6071737, *1 (M.D. Fla. Oct. 17, 2016).

The FCA does not address whether continued sealing of other documents in a *qui tam* case is warranted after the intervention period.  In evaluating Government

requests for indefinite sealing, courts have considered whether the documents contain sensitive and substantive details of governmental methods of investigation, names of witnesses, or information about particular documents or individuals. *See United States v. Aurora Diagnostics, Inc.*, No. 1:16-cv-21338, 2017 WL 8781118, *2 (S.D. Fla. Aug. 30, 2017) (collecting cases); *United States ex rel. Cobb-Morgan v. Memorial Hospital, Inc.*, No. 6:20-cv-171-GAP-EJK, 2022 WL 13888532, *2-3 (E.D. Ky. Oct. 11, 2022) (collecting cases). Descriptions of "routine investigative procedures" that contained "no information about specific techniques," on the other hand, may not warrant sealing. *Id.* (citations omitted).

The Government has not established good cause for its request for indefinite sealing of "all other papers" in the case file except for the Complaint, the Notice, and this Order. *See* Doc. 8. The only document that arguably "disclose[s] the content and extent of the United States' investigation," *id.*, is the memorandum in support of the Government's single motion for extension of the intervention period, which describes the investigatory steps the United States intended to take in the next six months. *See* Doc. 4. However, those general steps, which include reviewing Defendants' claim data (which is the subject of the Complaint), identifying and interviewing witnesses, and requesting documents from those witnesses, are no more than "routine investigatory procedures." Accordingly, good cause does not support the indefinite sealing of any case documents.

In accord with the Notice of Declination and Notice of Dismissal Without Prejudice, it is **ORDERED:**

1) The seal of this action shall be lifted as to this action and all contents of this Court's file.

2) This cause is dismissed, without prejudice.

3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on May 23, 2025

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record; Unrepresented Parties, if any